Karen F. **ALLEN**, Plaintiff,

v.

Frank P. **FARAGASSO**; Raymond J. Donovan, Defendants.

No. C–84–1003–WWS.

United States District Court,
N.D. California.

April 27, 1984.

H. Jackson Zinn, San Francisco, Cal., for plaintiff.

Michael Tonsing, Asst. U.S. Atty., San Francisco, Cal., for defendants.

## ORDER

SCHWARZER, District Judge.

This is an action for damages and injunctive relief for purported statutory and constitutional violations surrounding the termination of plaintiff's federal workers' compensation benefits. Plaintiff seeks a preliminary injunction ordering defendants to reinstate her benefits pending a pretermination hearing. Defendants oppose the injunction, and have moved for summary judgment on all claims.[1]

*Factual background*

Even if some facts may be disputed, those facts material to the disposition of the issues presented on these motions are not. Briefly, those material facts are as follows. Plaintiff Karen Allen was employed by the Department of Defense as a packer at Defense Depot Tracy when she suffered a back injury in April 1980. She received temporary total disability benefits under the Federal Employee Compensation Act from May 30, 1980, through April 21, 1982. In December 1981, plaintiff's treating physician certified to the San Francisco Office of Workers' Compensation Programs ("OWCP") that plaintiff was fit for part-time light duty employment. In January 1982, plaintiff's previously employing agency offered her a light-duty job. Plaintiff refused the job, claiming it was beyond her physical capabilities. Upon her refusal, OWCP's District Medical Director reviewed plaintiff's file, and determined that plaintiff was physically fit for the job offered. OWCP informed plaintiff of this determination by letter in May. That letter also contained a reference to 5 U.S.C. § 8106(c), which provides:

A partially disabled employee who—

(1) refuses to seek suitable work; or

(2) refuses or neglects to work after suitable work is offered to, procured by, or secured for him;

is not entitled to compensation.

In August 1982, OWCP awarded plaintiff permanent 50% partial disability status retroactive to April of that year. This award followed from the earlier determination that plaintiff was physically capable of part-time light work. Pursuant to administrative policy then in effect, plaintiff received partial disability payments from April 1982 through February 1984. Plaintiff's only response to OWCP's communications was a personal letter disagreeing with the District Medical Director's determination.

In November 1983, the Department of Labor changed its enforcement policy with respect to § 8106(c), quoted above. In February 1984, OWCP received from plaintiff's previously employing agency further evidence substantiating plaintiff's physical capability of performing the light duty job offered her in January 1982. Pursuant to 5 U.S.C. § 8128, OWCP reviewed plaintiff's file, and decided to terminate plaintiff's benefits under § 8106(c) on February 23, 1984. On March 1, OWCP issued a Compensation Order terminating plaintiff's wage loss benefits as of February 23; plaintiff's medical treatment benefits were left intact. The cover letter accompanying the copy of the Order mailed to plaintiff stated that "[t]he decision was based on all of the evidence of record, and on the assumption that all available evidence has been submitted." However, the Compensation Order's Findings of Fact made no reference to the employing agency's supplemental communication with OWCP in February 1984; the termination of benefits was grounded on the determination OWCP's District Medical Director had made in January 1982.

The cover letter accompanying the Compensation Order informed plaintiff of the procedures by which she could challenge OWCP's decision. According to the letter, whose accuracy is not disputed, plaintiff had three options. First, she could have demanded a hearing before an OWCP rep-

---

1. There is also some dispute over the adequacy of service on the defendants. Because the Court disposes of the action on the merits, it finds it unnecessary to address this issue.

resentative under 5 U.S.C. § 8124 for the purpose of presenting new evidence. Second, before or after such a hearing, plaintiff could have demanded reconsideration under *id.* § 8128(a). New evidence in written form could have been presented with the application. Third, plaintiff could have appealed OWCP's determination to the Employee Compensation Appeals Board in Washington, D.C. Review by the Board is limited to the evidence of record; no new evidence would have been considered.

A copy of the Compensation Order and cover letter were sent to plaintiff care of her attorney, the same attorney representing her here. Plaintiff's attorney immediately requested a hearing (the first option) on her behalf. That hearing request is pending.

Plaintiff is currently incarcerated in the Women's Prison at Frontera, California. In March 1982, three months after plaintiff declined the job OWCP determined she was capable of performing, she was involved in a shooting incident that led to her conviction for the first-degree murder of a police officer. Plaintiff is currently serving a life term without possibility of parole. Her conviction is on appeal.

*Legal claims*

Plaintiff attacks the procedures by which the government terminated her benefits, and the personnel who carried out and promulgated those procedures, on a variety of grounds. None has merit.

■ *Preliminary injunction.* In order to be entitled to a preliminary injunction, plaintiff must demonstrate a substantial probability of success on the merits, and a threat of immediate irreparable harm, or else the existence of a substantial question on the merits, and a balance of hardships that tips sharply in plaintiff's favor. *See Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers*, 584 F.2d 308, 314–15 (9th Cir.1978). Because the undisputed facts show that plaintiff's claims are meritless and that defendants are entitled to judgment as a matter of law, plaintiff's motion will be denied.

■ Plaintiff makes sweeping assertions regarding the "blatantly lawless" character of OWCP's decisionmaking procedures, but these assertions are not borne out by the facts. Plaintiff may assert only her own rights, not the rights of others. *See, e.g., Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). Any constitutional violations she asserts must thus be found in the facts of her own case. *See, e.g., id.* at 485, 102 S.Ct. at 765. In this case, plaintiff had ample notice and opportunity to try to avert the adverse results she eventually suffered. Plaintiff complains that OWCP reconsidered her benefits in February 1984 without alerting her and giving her the opportunity to submit evidence favorable to her case. But it is undisputed that plaintiff was informed in May 1982 that OWCP had determined she had rejected a job she was physically capable of performing. The letter specifically referred to the possibility of loss of benefits under § 8106(c) as a result. Plaintiff's only response was a personal letter. Plaintiff had been apprised of OWCP's adverse factual determination and its possible implications; the fact that the agency did not warn plaintiff again before exercising its statutory power to terminate benefits some two years after the adverse factual determination upon which the termination was based hardly amounts to a due process violation. Not only did plaintiff have an opportunity to challenge this factual determination at the time it was made, she has (and is currently exploiting) the opportunity to challenge it now. Due process has been satisfied.

■ Plaintiff also complains about her previously employing agency's submission of further adverse evidence in 1984. She asserts that this submission amounts to an illegal ex parte contact, and that she was entitled at a minimum to notice of the submission and an opportunity to respond to it. Plaintiff first argues that the submission violated the prohibitions on ex parte contacts set out in 5 U.S.C. § 557(d).

**1118**

Plaintiff has no rights under § 557 in the circumstances at bar, however. The file review under 5 U.S.C. § 8128 that resulted in the termination of plaintiff's benefits is not an "adjudication required by statute to be determined on the record after opportunity for an agency hearing" within the meaning of 5 U.S.C. § 554(a).[2] Because § 554 hearings are not required, the provisions concerning ex parte contacts in § 557(d) are inapplicable. 5 U.S.C. §§ 556(a), 557(a).

 Plaintiff also argues that the submission violated her due process rights. She cites no authority establishing this to be so, and the Court knows of no reason why it should be. The employing agency's report was clearly relevant, was submitted in writing, and has since its submission been part of plaintiff's file, which she and her attorney have always been free to examine. Such reports are specifically authorized by Department of Labor regulations, see 20 C.F.R. § 10.140, and serve a useful role in OWCP's factfinding process. Moreover, the submission cannot be said to have had any legally significant effect in this case. Although the cover letter to the March 1984 Compensation Order stated that the decision was based on all the evidence of record, the Findings of Fact refer only to the determination of fitness OWCP made in January 1982. That determination, and the decision in the Compensation Order, are supported by substantial evidence independent of the 1984 submission, which apparently did no more than trigger review of plaintiff's file.[3] Here again plaintiff simply has no basis for complaint.

 *Action for damages.* Plaintiff also seeks compensatory and punitive damages from the named defendants in this action. The claims are frivolous. Plaintiff's amended complaint names Frank Faragasso, Chief of Claims at OWCP, and alleges that Faragasso undertook the acts discussed above "intentionally, willfully, and maliciously, and with a reckless disregard for Plaintiff's Constitutional rights." The complaint also names Secretary of Labor Raymond Donovan, alleging he "has willfully, deliberately, and maliciously failed to provide Plaintiff a due process method [sic] of avoiding the termination of Plaintiff's benefits, thus violating Plaintiff's 5th and 14th Amendment Constitutional rights, and Plaintiff's statutory right to disability benefits." It is well established that no federal cause of action exists against federal officers who exceed their authority, *Wheeldin v. Wheeler*, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963), unless their actions violate the plaintiff's constitutional rights, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). As was established above, no constitutional violation occurred in this case. Even if the procedures applied to plaintiff had been unconstitutional, however, plaintiff has made no showing whatsoever that the actions defendants took were not completely consistent with the relevant statutes and supporting regulations, or that those provisions had ever been called into serious constitutional doubt before. Under these circumstances, defendants would undoubtedly have been shielded by good-faith immunity. *See Har-*

---

**2.** Alternatively, if the determination is considered a "hearing" under 5 U.S.C. § 8124, it would be excluded from the terms of § 554 by the explicit language of § 8124(b)(2).

**3.** Plaintiff attacks the substantive correctness of OWCP's determination by proffering certain factual evidence. The evidence proffered is irrelevant for three reasons. First, the Secretary's findings of fact are unreviewable "by a court by mandamus or otherwise," 5 U.S.C. § 8128(b); the only question this Court can have jurisdiction to address is whether policies or practices brought to bear in plaintiff's case violate the

Constitution. Second, the Secretary's decision is not yet final, inasmuch as plaintiff has requested a hearing; even if the substantive challenge were not barred, it would therefore be premature. Third, the evidence plaintiff proffers is immaterial. It concerns plaintiff's physical condition during the period March-June 1982. OWCP based its decision on plaintiff's physical condition at the time she declined the part-time job offered by her previously employing agency—January 1982. Plaintiff proffers no evidence concerning that time.

*low v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

It having been established that there is no genuine dispute as to any material fact, and that defendants are entitled to judgment as a matter of law as to all claims, plaintiff's motion for a preliminary injunction is denied, and defendants' motions for summary judgment are granted. Judgment will be entered for defendants as to all claims, defendants to recover their costs.

Plaintiff's counsel's attention is directed to Fed.R.Civ.P. 11 which states in relevant part:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is *well grounded in fact* and *is warranted by existing law or a good faith argument for the extension,* modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee. (Emphasis added)

The charges of malicious, willful and reckless violation of plaintiff's constitutional rights made against the individual defendants are wholly without factual basis. The legal claims and arguments asserted are for the reasons stated wholly without warrant in law or in any good faith argument for extension or modification of existing law.

This therefore would be a case in which plaintiff's counsel should be ordered to pay defendants' attorney's fees were it not for the fact that counsel's actions appear to have been based on excessive zeal and ignorance of his professional obligations rather than an improper purpose. Accordingly, a sanction is imposed in the form of a reprimand against attorney H. Jackson Zinn. A copy of this order will be placed in Mr. Zinn's file in this court.

IT IS SO ORDERED.